**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KIOMY ENCARNACION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORKERS CREDIT UNION, DOES 1 through 100,<br><br>Defendants. | Case No. 4:21-cv-40077-MRG |

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND AWARDING ATTORNEYS' FEES AND COSTS

The Court, having considered Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Awarding Attorney's Fees and Costs and all of its supporting documents (collectively, the "Motion"), and the Settlement Agreement and Release executed by Defendant Workers Credit Union and by Plaintiff Kiomy Encarnacion, (the "Settlement Agreement"), rules as follows:

1.    Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2.    This Court finds that the Class as defined in the Settlement

Agreement ("Settlement Class") meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the Court certifies the Settlement Class, which is composed of the following class:

> "All members and customers of Defendant who have or have had accounts with Defendant who were assessed an overdraft fee on a one-time debit card or ATM transaction beginning one-year preceding the filing of this complaint and ending on the date the Class is certified." (Class Action Complaint at ¶ 64.)

3.      The Court appoints Kiomy Encarnacion as Representative of the Settlement Class.

4.      For purposes of the Settlement Agreement, the Court further finds that counsel for the Settlement Class, Elaine S. Kusel of McCune Law Group, McCune Wright Arevalo Vercoski Kusel Weck Brandt, APC, and local counsel Christine M. Craig of Shaheen & Gordon PA, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are approved as Class Counsel and Local Counsel, respectively.

5.      This certification of a Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant in this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action should the settlement not be approved or not be implemented for any reason or to terminate the Settlement Agreement as provided in the Settlement Agreement.

6.      The Court, for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class

Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Kiomy Encarnacion (the "Named Plaintiff") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and their counsel have fairly and adequately protected the interests of the Settlement Class and adequately represented the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

7.      The Court has reviewed the Settlement Agreement, and the Notice sent to the Class and finds that the settlement appears to be reasonable in light of the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant. The Court also notes that the settlement was arrived at after an arm's length negotiation involving experienced counsel.

8.      The Court finds that the methods of notice prescribed in the Settlement Agreement and effected by the Settlement Administrator meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

1. The Court finds Plaintiff's Counsel's request for attorneys' fees to be reasonable and awards Class Counsel $  133,097  .

2. The Court finds Plaintiff's Counsel's request for litigation costs to be reasonable and awards Class Counsel $  45,000  .

3. The Court finds Plaintiffs Counsel's request for a class representative service award for Kiomy Encarnacion to be reasonable and awards the amount of $  2,500  ,

4.   The Court approves the *cy pres* award of the remaining balance after the distribution process to Class Members has been completed to the United Way.

Good cause appearing therefore, IT IS SO ORDERED.

Dated: 9/12/2024                          /s/ Margaret R. Guzman
                                          The Honorable Margaret R. Guzman
                                          United States District Court Judge